## Bromley v. Mercer County

*W. G. Barker* and *L. R. Rickard,* for plaintiff; *T. A. Sampson,* for defendant.

McLaughrey, P. J., December 31, 1931.—W. G. Bromley presented his petition in the Court of Quarter Sessions of Mercer County requesting the court to appoint viewers to assess damages to his land in Fairview Township sustained by reason of the construction of a state highway. The viewers appointed by the court made a report to the court of quarter sessions, in compliance with the act of assembly. The said W. G. Bromley, not being satisfied with the award of the viewers, prepared his appeal and filed the same in the court of common pleas. At the same time he filed a motion in the court of quarter sessions, setting forth that an appeal had been filed to the court of common pleas, and the court made an order certifying all the proceedings in the court of quarter sessions into the court of common pleas.

On October 27, 1931, T. A. Sampson, Esq., attorney for the Commissioners of Mercer County, filed the following motion:

"And now, October 27, 1931, we move the court to dismiss the above case and strike the same and all proceedings thereunder from the record, for the reason that no appeal has been filed in the Court of Quarter Sessions of Mercer County, Pennsylvania, in said case."

This is now before the court on a rule granted at that time upon the plaintiff to show cause why the case should not be dismissed and all proceedings thereunder stricken from the record.

The question before the court is whether or not an appeal, either from the viewers' report assessing damages, or from the final confirmation thereof, may be filed in the court of common pleas. Counsel for the County of Mercer takes the position that the appeal was void, for the reason that the affidavit appealing the case to the court of common pleas should have been filed in the court of quarter sessions instead of the court of common pleas. It is apparent that the act of assembly does not state where the appeal must be filed. The act is silent concerning the duties of the clerk of the court of quarter sessions as to the method to be followed in transferring records into the court of common pleas. The argument has been presented that the board of viewers is a subordinate judicial group, and the appeal is from this subordinate body to the court, which is of higher judicial standing, and the procedure should be analogous to an appeal from a justice of the peace where the appeal is filed in the office of the justice of the peace and not in the court of common pleas; and on an appeal from the court of common pleas to the appellate court, the appeal is filed in the common pleas court.

We are of the opinion that an appeal in cases of this character is not similar to those cited. This is not an appeal from the court of quarter sessions to the court of common pleas. There are certain views for damages which originate in the common pleas court. The particular act of assembly making provision for, appointment of viewers requires the petition for appointment of viewers to be presented to the court of common pleas. In other cases the act of assembly provides that the petition must be presented to the court of quarter sessions. In those which the statute provides shall be presented to the court of common pleas, the records are in that court from the beginning. It is clear that all such cases can be tried only in the court of common pleas. "Common pleas" is the name of a court of record having original jurisdiction in civil suits. They are such actions as are brought by private persons against private persons, or by the government where the cause of action is of a civil nature. These actions are of such character, and in all cases there must be a beginning in the court of common pleas. These actions are different, however, in one respect, and that is that before the case is commenced the owner or owners of the property damaged must first have had viewers appointed and have had a report as to the estimation of the amount of damage. If both parties are satisfied with the judgment of the viewers, then that is the end of it. If either of the parties is dissatisfied, then the action is brought in the court of common pleas, where all such actions are tried. The Act of May 23, 1923, P. L. 341, amending section sixteen of the State Highway Act of May 31, 1911, P. L. 468, says:

"The county commissioners, or any other party to such proceedings, may appeal from the award of the viewers to the court of common pleas, and shall be entitled to a trial by jury. From the judgment of the court of common pleas, an appeal may be had to the Supreme or Superior Court, as in other cases."

We are of the opinion that when the affidavit of appeal is filed, as was done in this case, in which affidavit it is set forth that a board of viewers has acted in accordance with the law, and a jury trial is desired, that is the beginning of the case in the court of common pleas, and it then proceeds, step by step, as in other civil actions tried in the common pleas court until a verdict is rendered by a jury.

It has been asserted that, if the appeal is not filed in the court of quarter sessions, the clerk of that court, being required to confirm the report of viewers after the expiration of thirty days, would not know whether or not an appeal had been taken. It is true that there is no provision in the law requiring the prothonotary to notify the court of quarter sessions of an appeal; and it is possible that there might be a case where the report of viewers might be confirmed when it appeared in the court of common pleas that the appeal had been properly made. The only remedy in such case, of course, would be to have the confirmation revoked. When, however, a motion has been filed in the court of quarter sessions, as was done in this case, stating that an appeal had been filed in the court of common pleas, and the court has made an order certifying the proceedings in quarter sessions into the court of common pleas, this would be notice to the clerk of quarter sessions that an appeal had been taken within the thirty days.

We are of the opinion, after giving this question careful examination, that the proper place to file the affidavit of appeal from the viewers' report is the court of common pleas.

### Order

And now, December 31, 1931, this matter came on to be heard on a rule to show cause why the case should not be dismissed, and was argued by counsel; whereupon, after due consideration, the rule is discharged.